FREDERICK KRAUSE, executor, vs. FRANK KLUCKEN, executor, & others.

Suffolk.  March 29. — Sept. 10, 1883.  FIELD & DEVENS, JJ., absent.

A married woman, by a will to which her husband consented in writing, bequeathed the residue of her property to a trustee, in trust to pay the net income to her husband during his life, and on his death, "provided and on condition " that he made no will directing otherwise, to pay the income to A. until she reached a certain age, and on arriving at that age to pay her the principal, or, in case of her death before attaining such age, to pay the principal to her children.  The will further provided that the bequest to A. was on the sole and express condition that A. should, after the decease of the testatrix, take good care of the husband during his life, " rendering him all the kindly personal attention in her power tending to make him comfortable and happy, such as a dutiful and affectionate daughter would render; and in case of any ill treatment, neglect or shortcoming in the above-mentioned expected duties and relation," of which the husband was to be " the sole and exclusive judge," he was authorized by will to direct how the residue should go upon his death.  At the time the testatrix made her will, A. was a married woman, living with her husband and children in a neighboring city.  She visited the husband of the testatrix on an average once a week, and helped him all she reasonably could.  During his illness she visited him daily, did his marketing and took care of his accounts.  About a week after his wife's death, the husband urged A. to come and live with him, and was angry because she refused, and many times after that was made angry by her refusal of like requests.  About a month after his wife's death, he made a will, in which he referred to his wife's will and the power of appointment therein given him, and, reciting that he did it in execution of the power, bequeathed the remainder to a third person.  Held, that his will was a sufficient execution of the power given by his wife's will; and that the court could not find on these facts that he failed to exercise his judgment, or that he acted in bad faith.

BILL IN EQUITY by the executor of the will of Barbara Klesa, to obtain the instructions of the court.  Hearing, upon the pleading and agreed facts, before C. Allen, J., who reserved, for the consideration of the full court, the following case:

Barbara Klesa, who died on, August 15, 1880, by her last will, which was duly admitted to probate on September 6, 1880, appointed the plaintiff her executor, and devised to him the residue of her property, after payment of debts and certain legacies, upon the following trusts:

" First.  To pay over the net income thereof to the said John Klesa during the term of his natural life, in quarter-yearly payments.

" Second. On the decease of the said John Klesa, and provided and on condition he shall have executed no last will and testament directing otherwise as herein provided, to pay over the net income thereof quarter-yearly to Rosalia Klucken *née* Viletta, until she shall have attained the age of forty-five years, and then to pay over and deliver to her the whole of the principal of said residue, her heirs, executors and administrators, discharged of trusts. And in case of the said Rosalia dying before reaching forty-five years of age, then to pay over the said net income quarter-yearly to the children of the said Rosalia living at the time of her decease, in equal shares, until said children shall have all become of age, and then to divide the said principal among them equally, the share and interest of one deceased going to the survivors or survivor.

" Third. This bequest to the said Rosalia and her children is made on the sole and express condition that the said Rosalia shall after my decease take good and tender care of my said husband during the remainder of his life, rendering him all the kindly personal attention in her power tending to make him comfortable and happy, such as a dutiful and affectionate daughter would render; and in case of any ill treatment, neglect, or shortcoming in the above-mentioned expected duties and relation, of which the said John Klesa is to be the sole and exclusive judge, I authorize and empower him to execute his last will and testament, or any written instrument under seal, directing and designating how and to whom the said residue shall go; and on his decease, the said trustee is to, and shall, pay over the same in accordance with his said will or sealed instrument; and the receipts of such designated parties shall be a discharge of said trustee in full."

John Klesa was the husband of Barbara, and consented in writing to her will. On August 25, 1880, and in September following, being dissatisfied with Barbara's will, he consulted counsel in regard to it; and on the 15th of said September he executed a will, which was soon afterwards deposited in the probate office, where it has since remained.

John Klesa died on May 13, 1882; and his will was admitted to probate on June 12, 1882, and contained the following clauses:

" Whereas Barbara Klesa, my late wife, made a will, which was filed in the Probate Court in said county, on or about August 16, A. D. 1880, and proved on or about September 6, A. D. 1880, wherein I am legatee ; and whereas it is provided in said will, that, on my decease, and provided and on condition I shall have executed no last will and testament directing otherwise, certain property shall be held in trust for Rosalia Klucken, upon certain conditions therein stated ; and whereas I do elect to make my last will and testament, availing myself of the provisions and conditions therein contained, I being the sole and exclusive judge, I do also make my will directing and designating how and to whom the property and residue named in said will shall go, and I do direct the trustee, under my wife's said will, to pay over and deliver all said property and residue as herein directed :

" First.   I desire that all my funeral charges and just debts be paid by my executor, hereinafter named, as soon after my decease as may be convenient.

" Second.   All the rest and residue of my estates, real, personal and mixed, and all the property named in the will of said Barbara, devised to me, held for me in trust, or otherwise under my direction and control, under said will, I give, devise and bequeath to Gerard A. Klucken of Cambridge, in the county of Middlesex, and Commonwealth aforesaid.

" Third.   I nominate and appoint Frank Klucken of said Cambridge the executor of this my last will and testament, and do not require him to give any surety on his official bond."

John Klesa kept a beer saloon in the house in which he lived in Boston.   He had no property except what he made in his business, which he spent, and died in debt.   He was a man of rude manners, and an habitual drinker of intoxicating liquors. Rosalia Klucken is about twenty-five years old.   She lived with John and Barbara Klesa from the time she was three years old until her marriage, at the age of eighteen years, to Gerard A. Klucken, after which she lived in Cambridge with her husband, who was engaged in business there.   After Barbara's death, which took place at Rosalia's house, Rosalia went to Boston, to John's house, on an average of once a week, except for two months when her youngest child was born, and at the time of John's last illness, when she visited him every day, did his

marketing, and took care of his accounts. At Barbara's death, Rosalia had two children, and the third one was born in January, 1881. She helped and assisted John all she reasonably could, but could not give more time to him than is herein stated. John complained many times of her not seeing him oftener, and, about a week after Barbara's death, urged Rosalia to come and live with him, and was angry because she refused, and many times after that requested her to come and live with him, and was made angry by her refusal of like requests. " Rosalia is a woman of good and kind temper, and in all her relations with John was kind and patient; and John was an irritable and unpleasant sort of a person." Rosalia treated John as well after Barbara's death as she had before.

The executor of Barbara's will has about $6000, which he is ready to hold in trust for Barbara and her children, or to pay over to the executor of John's will, or to the residuary devisee therein named, as the court may direct.

*Z. S. Arnold*, for Frank Klucken and Gerard A. Klucken.

*M. O. Adams*, for Rosalia Klucken.

*C. E. Grinnell*, for the children of Rosalia Klucken.

W. ALLEN, J. The bequest in favor of Rosalia Klucken and her children, after the death of John Klesa, is upon the condition that he should not have exercised the power of appointment given to him by the will of his wife, Barbara Klesa. A subsequent provision of the will makes the bequest to be upon the condition that Rosalia shall conduct herself towards him in a certain manner, gives to him the power of appointment in case she should fail to perform the condition, and makes him the sole and exclusive judge of the performance. The construction of both provisions is, that it is not the failure of Rosalia Klucken to perform the condition which forfeits the estate to her and her children, but the judgment of John Klesa that there had been a failure to perform, evidenced by his execution of the power. John Klesa prefaces the appointment which he makes by a reference to the will and to the power of appointment given to him by it, and by a recital that, availing himself of the conditions, and being the sole and exclusive judge, he elects to execute the power. This was clearly an appointment made by him under the power given to him by the will.

It is argued that the power was executed in fraud of the rights of Rosalia Klucken and her children. The estate was limited to them after the death of John Klesa, upon condition that he made no appointment of it as provided in the will, and he was authorized to make such appointment if he judged that Rosalia did not perform a condition expressed in the will. The condition and the power of appointment were both for the benefit of John Klesa. The condition was intended to secure to him the good and tender care and kindly personal attention of a daughter during his life, and the power was a general power of appointment, giving to him the absolute disposition of the property after his death. He consented to the will, and may be supposed to have given his consent in consideration of its provisions in his favor. The provision that he should be the sole judge of the performance of the condition by Rosalia was for his benefit. After he had judged that the condition had been broken, neither she nor her children had any rights in the estate which an appointment could be in fraud of. The only objection which can be urged by them is that he did not so judge, — that he did not in good faith exercise the discretion given to him to judge of the conduct of Rosalia. We think that the evidence fails to sustain this objection. The will of John Klesa, made in execution of the power, was dated one month after the death of his wife. About a week after her death, he urged Rosalia Klucken to come and live with him, and was angry because she refused, and he was many times after that made angry by her refusal of like requests. She was a married woman, and lived, with her husband and two young children, about five miles from him, and visited him about once a week on an average. Whether he lived alone after the death of his wife does not appear. The question is not whether Rosalia Klucken bestowed all the care and attention upon John Klesa that her own family duties permitted. It is not whether it seems to us unreasonable that she should have been required to change her residence that she might devote more time and attention to his comfort and happiness. He was made by the will the judge of that, and we cannot say that he did not exercise his judgment upon it. He may have believed that the power and discretion were given to him by his wife for the very purpose of securing the daily and constant attendance of Rosalia

upon him. We cannot find that he did not exercise his judgment, or that he acted in bad faith, if he judged that an occasional visit was not such care and attention as he had a right to require under the large discretion given to him. The will of John Klesa was a sufficient execution of the power under the will of Barbara Klesa, and disposition of the residue of her estate.                              *Decree accordingly.*